IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| LEON D. VESSELL | § | |
| VS. | § | CIVIL ACTION NO. 9:19cv129 |
| MITCHELL NEWMAN, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Leon D. Vessell, an inmate confined at the Pack Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Mitchell Newman and James D. Price. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a motion to dismiss filed by defendant Newman (doc. no. 10) asking that the claims against him be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Factual Allegations

Plaintiff alleges that on July 5, 2017, defendant Newman asked him for his identification card. At the same time, he and Defendant Price mocked plaintiff for his physical disability and told him to "shut the __ up." Plaintiff states defendant Newman then followed him through the building, continuing to mock and taunt him.

Plaintiff states that the next day, defendant Price called him over to the craft shop gate and began to taunt him while waving his identification card in front of him. He asserts his identification card was not returned to him. Plaintiff alleges the defendants took these actions in retaliation for a lawsuit he filed. Plaintiff's complaint is dated July 8, 2017, and he states the lawsuit was filed on March 8, 2017.

Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint that fails to state a claim upon which relief may be granted. A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Plaintiffs must state enough facts to "nudge their claims across the line from conceivable to plausible." *Id*. In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id*.

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject-matter jurisdiction of a federal court to hear a claim. A motion to dismiss under Rule 12(b)(1) is properly granted "when the court lacks the statutory or constitutional power to adjudicate the case." *Homebuilders Association of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3 1006, 1010 (5th Cir. 1998) (citation omitted). The party asserting jurisdiction bears the burden of proving that subject-matter jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Analysis

*Verbal Abuse*

Plaintiff alleges defendant Newman mocked him for his disability. Such conduct, if it occurred, is reprehensible. However, it is well established that verbal insults in the prison context do not amount to a constitutional violation and are not actionable in a lawsuit filed pursuant to Section 1983. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir. 1995) (citing *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.

1983)). As a result, plaintiff's allegations concerning verbal abuse fail to state a claim upon which relief may be granted.

### *Deprivation of Property*

Plaintiff alleges defendant Newman stole his prison identification card. A deprivation of property by persons acting under color of law, whether intentional or the result of negligence, may be cognizable under the Due Process Clause of the Fourteenth Amendment. However, where the deprivation was random and unauthorized, and the state has an adequate post-deprivation remedy, due process is satisfied. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding the Due Process Clause is not violated when a state employee intentionally deprives a person of property where the state has a meaningful post-deprivation remedy); *Parratt v. Taylor*, 451 U.S. 527, 543 (1981) (finding no due process violation based upon a negligent deprivation of property if the state provides a post-deprivation remedy), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).

Plaintiff's allegations regarding the theft of his identification card indicates it was the result of a random and unauthorized act. The Texas tort of conversion provides an adequate post-deprivation of property remedy. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). Plaintiff's allegations regarding theft therefore fail to state a claim upon which relief may be granted.

### *Retaliation*

Plaintiff further alleges defendant Newman retaliated against him for filing a lawsuit. "An action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for different reasons, might have been legitimate." *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). Retaliation, although it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. *Perry v. Sinderman*, 408 U.S. 593, 597 (1972). However, retaliation is actionable only if the retaliatory act "is capable of deterring a person of ordinary

3

firmness from exercising his constitutional rights." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008).

To establish a retaliation claim, an inmate is required to prove: (1) he was exercising a specific constitutional right; (2) the defendant intended to retaliate against the inmate for exercising that right; (3) a retaliatory adverse act on the part of the defendant; and (4) causation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). Conclusory allegations are insufficient to support a retaliation claim. *Woods*, 60 F.3d at 1166. The inmate must either produce direct evidence of motivation or allege a chronology of events from which retaliation may be plausibly inferred. *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004).

While plaintiff states defendant Newman acted with a retaliatory motive, he has offered no specific facts to support this assertion. Further, he has not stated defendant Newman was aware of his prior lawsuit or, in light of the four month gap between the filing of the prior lawsuit and the events at issue in this lawsuit, alleged a chronology of events from which retaliation may be plausibly inferred. Plaintiff has therefore failed to state a claim against defendant Newman for retaliation.

*Claims Against Defendant Price*

A Suggestion of Death has been filed on behalf of defendant Price. Based on his allegations, plaintiff asserts claims of verbal abuse, deprivation of property and retaliation against defendant Price. For the reasons set forth above with respect to the claims against defendant Newman, plaintiff has also failed to state a claim upon which relief may be granted against defendant Price. The claims against him should therefore be dismissed.

Recommendation

The motion to dismiss should be granted and this civil rights lawsuit dismissed.

Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 26th day of September, 2022.

_____
Zack Hawthorn
United States Magistrate Judge